IN THE MATTER OF CHAPEL

Docket No. 69567. Submitted November 2, 1983, at Lansing.—Decided April 30, 1984.

On January 18, 1983, Donald E. Chapel, Jr., a juvenile, pled guilty in the Oakland Probate Court, Juvenile Division, to breaking and entering an occupied dwelling. The plea resulted from a plea agreement whereby other charges were to be dropped and the disposition of the case was to occur immediately after the acceptance of the plea. Chapel moved for immediate disposition after the formal taking of the plea on the record. The only evidence on the record was the testimony by an arresting police officer to the effect that Chapel had given a statement incriminating another person and that Chapel had been cooperative. The officer's testimony was placed on the record for purposes of evaluating the disposition of the case. The court, Henry D. Arkison, J., then recessed and retired to chambers to speak with the juvenile court caseworker, the prosecutor, Chapel's counsel, Chapel's parents, and a representative from the Oakland County Children's Village about the disposition. After the recess, the court was reconvened and Chapel was summarily made a temporary ward of the court and turned over to the Department of Social Services. Chapel appeals contending that the probate court erred by disposing of the case in the manner described. *Held:*

1. The probate court proceedings in this case were processed

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 51-54.
[2] 20 Am Jur 2d, Courts § 43.
    47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 40.
[3, 4] 47 Am Jur 2d, Juvenile Courts and Deliquent and Dependent Children §§ 44, 51.
[4] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 49.
[5] 4 Am Jur 2d, Appeal and Error § 515 *et seq.*
    47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 60.
[6] 21 Am Jur 2d, Criminal Law § 535.

on the formal calendar. Once a case is on the formal calendar the full panoply of rights under the Juvenile Court Rules of 1969 apply.

2. The probate court's actions through adjudication, *i.e.,* the taking of the plea, were procedurally correct. However, the basis for making the boy a ward of the court and committing him to the Department of Social Services is not revealed on the record, there is no record of relevant and material evidence to support the disposition of the case, as required by JCR 1969, 8.3(B), and all testimony relevant and material to the disposition was given off the record in chambers, in clear contravention of the mandate concerning formal calendar proceedings under JCR 1969, 8.1-8.4.

3. The Court of Appeals cannot review a formal disposition without a formal record which shows the relevant and material statements and proofs properly and legally presented upon which the judge made his disposition decision.

4. The Supreme Court's decision in *People v Coles,* 417 Mich 523 (1983), which requires trial courts to articulate on the record the reasons for imposing the sentence given, applies to a juvenile's violation of criminal law.

5. Limited appellate review of sentencing has always existed. A concomitant to the right of appellate review must be a record to review.

6. The probate court should have sworn the caseworker, the Oakland County Children's Village representative, the parents, the police and any other witnesses and taken their testimony on the record. The court then should have allowed Chapel's counsel, also on the record, to argue for disposition. The court then should have articulated on the record the reasons for its disposition of the case.

Remanded.

1. COURTS — JUVENILE COURTS — FORMAL CALENDAR — RECORDING — JUVENILE COURT RULES.

The Juvenile Court Rule regarding the recording of formal calendar proceedings provides that a record of proceedings on the formal calendar shall be made and preserved by stenographic recording or by mechanical or electronic recording as provided by law or Probate Court Rule (JCR 1969, 8.4).

2. COURTS — JUVENILE COURTS — FORMAL CALENDAR — JUVENILE COURT RULES.

The full panoply of rights under the Juvenile Court Rules apply once a case is on the formal calendar; to get on the formal

calendar, a petition is filed to acquire formal jurisdiction (JCR 1969, 4.3[D]).

3. Courts — Juvenile Courts — Formal Calendar — Witnesses — Juvenile Court Rules.

The Juvenile Court Rule regarding hearings on the formal calendar states that the juvenile court shall determine issues relative to the adjudicative and dispositional phases, respectively, upon statements and proofs properly and legally presented and that witnesses shall affirm or be sworn by the judge or other duly authorized officer of the court (JCR 1969, 8.2[E]).

4. Courts — Juvenile Courts — Formal Calendar — Evidence — Disposition Phase — Juvenile Court Rules.

Only relevant and material evidence is to be considered by the juvenile court in the disposition phase of a juvenile court hearing on the formal calendar (JCR 1969, 8.3[B]).

5. Appeal — Juvenile Courts — Dispositions.

The Court of Appeals cannot review a formal disposition by a juvenile court in a matter on the formal calendar without a formal record which shows the relevant and material statements and proofs properly and legally presented upon which the juvenile court judge made his disposition decision.

6. Appeal — Record — Sentencing — Juvenile Courts.

Limited appellate review of sentencing has always existed; a concomitant to the right of appellate review must be a record to review; Supreme Court precedent which expanded the right of review to require trial courts to articulate on the record the reasons for imposing the sentence given applies to a juvenile's violation of criminal law.

*L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for petitioner.

*Dennis M. Flessland,* for respondent.

Before: Cynar, P.J., and Beasley and T. Gillespie,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

T. GILLESPIE, J. This is a case of first impression in this jurisdiction and arose from the following facts.

On January 18, 1983, in Oakland County Probate Court, Juvenile Division, Donald E. Chapel, Jr., a juvenile, pled guilty to breaking and entering an occupied dwelling. MCL 750.110; MSA 28.305. This was the result of a plea agreement whereby other charges against Chapel were dropped and the disposition of his case was to occur immediately after the acceptance of the plea. A jury trial had been formally set to hear this case but was unneeded after the plea.

After the formal taking of the plea on the record, Chapel moved for immediate disposition. The only evidence on the record was testimony by Officer DeClercq, one of the investigating officers.

DeClercq's testimony was that he was involved in Chapel's arrest, that Chapel had given a statement incriminating another person, and that Chapel was cooperative. DeClercq's testimony was put on the record for purposes of evaluating the disposition of the case.

When DeClercq had testified, the court recessed and retired to chambers to speak with the juvenile court caseworker, prosecutor, Chapel's counsel, Chapel's parents, and a representative from the Oakland County Children's Village about the disposition.

After the recess, the court was reconvened and Chapel was summarily made a temporary ward of the court and turned over to the Department of Social Services.

The issue raised on appeal is whether the probate court abused its discretion in disposing of the case in the above described manner. The answer

depends upon the application of the Juvenile Court Rules of 1969 (JCR).

The cornerstone in American jurisprudence of due process rights for juveniles is in *In re Gault,* 387 US 1; 87 S Ct 1428; 18 L Ed 2d 527 (1967). In *Gault* the Court held that under the 14th Amendment a juvenile's right to counsel and notice were essential to a fair adjudication. The Court also analogized that the possible deprivation of liberty was comparable to a felony prosecution and that minimal due process standards apply. Those standards are reflected in the Juvenile Court Rules.

The Juvenile Court Rules are to be applied in juvenile proceedings in probate court. The JCR provide for a bifurcated proceeding. The first phase is adjudication and the second is disposition. These phases are analogous to the standard criminal trial and sentencing. The JCR were adopted to provide juveniles with basic rights of due process including the right to counsel and trial by jury. However, the right to a jury does not apply in the dispositional phase.

The rule for recording formal calendar proceedings is found in JCR 1969, 8.4 which provides:

".4 Recording. A record of proceedings at the hearings on the formal calendar shall be made and preserved by stenographic recording or by mechanical or electronic recording as provided by law or Probate Court Rule."

Once a case is on the formal calendar the full panoply of rights under the JCR vest. To get on the formal calendar a petition is filed to acquire formal jurisdiction. JCR 1969, 4.3(D). Once on the formal calendar, the rights to notice as per JCR 1969, 7.2(A)-(E) come into play. This includes notice of summons and hearings, right to jury, notice

of charges, persons to be summoned, and additional processes. The procedure is comparable to standard criminal procedure in the adult courts.

Once formal calendar process has begun and hearings have been held, additional obligations of the court and prosecutor are mandated by the Juvenile Court Rules. Of particular relevance to the case at bar is JCR 1969, 8.2(E), which states that the court shall:

"Determine issues relative to the adjudicative and dispositional phases, respectively, *upon statements and proofs properly and legally presented.* Witnesses shall affirm or be sworn by the judge or other duly authorized officer of the court." (Emphasis added.) .

Further, in the disposition phase, only relevant and material evidence is to be considered by the court. JCR 1969, 8.3(B). The probate court proceedings in this case were processed on the formal calendar. A petition was filed, formal notices of all summons and hearings were filed, a jury demand had been made, the judge proceeded formally on the record with a recitation of Chapel's rights in taking the plea and establishing a factual basis for such, and the judge did put the disposition on the record.

The judge ordered that Chapel be made a ward of the court and committed to the Department of Social Services.

The court's actions through adjudication, *i.e.,* taking of the plea, were procedurally correct. However, there are three areas of concern in the procedures of the court.

First, the only evidence formally on the record to determine what disposition was to be made on the case as required by JCR 1969, 8.2(E) was the plea of guilty and the officer's statement that the

boy cooperated. The basis for making the boy a ward of the court and committing him to the Department of Social Services is not revealed.

Second, there is no record of relevant and material evidence to support the disposition of this case. This is required by JCR 1969, 8.3(B).

Third, as the prosecutor admits, and Chapel complains, all testimony relevant and material to the disposition was given off the record in chambers. This is in clear contravention of the mandate concerning formal calendar proceedings under JCR 1969, 8.1-8.4. This Court cannot review a formal disposition without a formal record which shows the relevant and material statements and proofs properly and legally presented upon which the judge made his disposition decision.

The Supreme Court in October, 1983, decided *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). This case sets a standard for sentence review. In *Coles,* the Supreme Court set forth the history of appellate review and recognized that there has always existed a right of review, however, *Coles* expanded that right of review to require trial courts to articulate on the record the reasons for imposing the sentence given.

The case at bar preceded *Coles.* Further, *Coles* was directed primarily at circuit and recorder's courts. However, nothing in *Coles* exempts any court where the power to sentence exists.

We believe that *Coles* applies to juvenile criminal matters. We further believe that limited appellate review of sentencing has always existed. A concomitant to the right of appellate review must be a record to review.

The proper course for the court in the dispositional phase would have been to swear the caseworker, the Oakland County Children's Village

representative, the parents, the police, and any other witnesses and take their testimony on the record. Then to allow counsel, also on the record, to argue for disposition. The judge then should articulate on the record the reasons for his disposition of the case.

Since this Court has no record which reflects the evidence and reasons for the disposition of this case, it is remanded for proceedings consistent with this opinion.