*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* S.N.B., Minor.

---

ANGELA BITKOWSKI,

      Petitioner-Appellee,

v

S.N.B.,

      Respondent-Appellant.

UNPUBLISHED
April 30, 2019

No. 345763
Oakland Circuit Court
Family Division
LC No. 2018-862515-DL

---

Before: MARKEY, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order of disposition referring her to Wolverine Human Services for placement and care. The trial court had previously acquired jurisdiction over respondent after she had entered a plea of admission to truancy, MCL 712A.2(a)(4), and incorrigibility, MCL 712A.2(a)(3). After respondent violated her probation by refusing to remain in a nonsecure placement and to refrain from using controlled substances, contrary to a court order, the trial court placed respondent with Wolverine Human Services. We affirm.

## I. STANDARDS OF REVIEW

A trial court's findings of fact at a juvenile dispositional hearing are reviewed for clear error and the ultimate order of disposition itself is reviewed for an abuse of discretion. *People v Brown*, 205 Mich App 503, 504-505; 517 NW2d 806 (1994); *In re Ricks*, 167 Mich App 285, 295; 421 NW2d 667 (1988). "A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes." *In re Kerr*, 323 Mich App 407, 411; 917

-1-

NW2d 408 (2018), quoting *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). This Court also reviews de novo "issues of statutory interpretation, as well as family division procedure under the court rules . . . ." *In re VanDalen*, 293 Mich App 120, 131-132; 809 NW2d 412 (2011), quoting *In re AMAC*, 269 Mich App 533, 536; 711 NW2d 426 (2006).

## II. MOTION TO WITHDRAW THE PETITION

Respondent and petitioner first contend that the trial court erred in denying petitioner's motion to withdraw the petition because, even though both petitioner and respondent wanted the court to dismiss the petition, the court did not follow the parties' wishes. We disagree.

The trial court has the discretion to enter any order of disposition that is "appropriate for the welfare of the juvenile and society" after the juvenile admits to an offense and the court acquires jurisdiction over the juvenile. MCR 3.943(E)(1); MCL 712A.2(a)(2) and (3); MCL 712A.18(1). Potential dispositions range from a warning, probation, community service or placement in a private institution as was the case here. MCL 712A.18(1)(a) to (m). One of the dispositional orders that the court may consider is dismissing the petition. MCL 712A.18(1)(a). Whatever its decision, the court must enter an order of disposition that is "appropriate for the welfare of the juvenile and society in view of the facts proven and ascertained[.]" MCL 712A.18(1). When entering an order of disposition, the trial court must "articulate on the record the reasons for [its] disposition of the case." *In re Chapel*, 134 Mich App 308, 315; 350 NW2d 871 (1984).

The trial court had the discretion to grant or deny petitioner's motion to withdraw the petition, as that discretion was afforded the court by MCL 712A.18(1)(a),[1] but it denied the motion after determining that dismissing the petition would not be "appropriate for the welfare of the juvenile and society . . . ." Instead the trial court placed respondent in a secure, private institution, Wolverine Human Services, which is permitted under MCL 712A.18(1)(d). Further, evidence offered before the trial court supported that determination. Respondent had a long history of substance abuse, which included using crystal methamphetamine, cocaine, LSD, and marijuana. Respondent also had a history of self-harm and during these proceedings concerns were raised that she had harmed herself with a razor. Respondent also had unresolved mental health issues that resulted from previous trauma. She had also engaged in inappropriate sexual relationships with older men. For example, respondent was being sexually molested by an older crystal methamphetamine dealer who was giving her free crystal methamphetamine. Respondents' parents were investigated by Child Protective Services (CPS) regarding allegations

---

[1] We acknowledge that the Legislature amended MCL 712A.18, effective June 12, 2018, to provide that once the court acquires jurisdiction over a juvenile, it "shall order the juvenile returned to his or her parent *if the return of the juvenile to his or her parent would not cause a substantial risk of harm to the juvenile or society*." 2018 PA 58 (emphasis added). The court's order of disposition in this case was entered August 27, 2018.

of physical and verbal abuse but these allegations were not substantiated and respondent subsequently stated that she made the allegations while high on crystal methamphetamine. Respondent was given the opportunity to remain on probation in a nonsecure facility, but violated probation by leaving the facility to use marijuana. According to Heather Kirchner, the juvenile caseworker, respondent placed herself in "an extremely dangerous situation" as she was in a car where the driver was being injected with heroin while driving.

Kirchner repeatedly recommended that the court place respondent in a private institution because she was concerned that a shorter, nonsecure program would not be sufficient to provide respondent with the help that she needed. The evidence demonstrated that respondent had a history of relapsing when afforded personal freedom. Moreover, according to the record, returning home was not a viable option for respondent because her father was highly aggressive and defensive during family therapy sessions. Respondent's medical providers were also concerned about claims that respondent's parents were involved in abusing alcohol and prescription medication in the home, and that respondent would be subjected to a "toxic" environment if she returned home.

The trial court considered the services that petitioner would offer respondent if the petition was withdrawn, but concluded that those were inadequate to address respondent's issues. Because respondent had not been able to address her personal issues while in a nonsecure facility, the court was justified in its concern that she would not be able to resolve any of her personal issues while living at home. Moreover, it is apparent from the record that the trial court was also justifiably concerned that returning home would result in a "substantial risk of harm to [respondent]." MCL 712A.18(1). Specifically, the trial court stated, on the record, that it was in respondent's best interests to participate in a program that would address her extensive substance abuse and trauma as opposed to returning home. Therefore, the court did not err when it denied petitioner's motion to withdraw the petition and placed respondent in a secure, private institution.

Respondent and petitioner both contend that petitioner should have been allowed to voluntarily dismiss her petition under MCR 2.504, but that contention is without merit. MCR 2.504 allows a plaintiff to voluntarily dismiss a case either unilaterally or by an agreement with all parties. In addressing whether a court rule should apply to a juvenile proceeding, this Court has stated that:

> This Court interprets court rules using the same principles that govern the interpretation of statutes. Our purpose when interpreting court rules is to give effect to the intent of the Michigan Supreme Court. The language of the court rule itself is the best indicator of intent. If the plain and ordinary meaning of a court rule's language is clear, judicial construction is not necessary. [*In re McCarrick/Lamoreaux*, 307 Mich App 436, 446; 861 NW2d 303 (2014) (citations and quotation marks omitted).]

MCR 3.901(A)(1) provides that the provisions in subchapters 3.900, 1.100, and 8.100 of the Michigan Court Rules govern juvenile proceedings. Furthermore, MCR 3.901(A)(2) makes it expressly clear that "[o]ther Michigan Court Rules apply to juvenile cases in the family division of the circuit court only when this subchapter specifically provides." Consequently, this Court

-3-

has repeatedly held that it is improper to apply a general civil court rule to child protective proceedings if that court rule has not specifically been incorporated by MCR 3.901 *et seq.* See *In re Collier*, 314 Mich App 558, 569; 887 NW2d 431 (2016) (holding that MCR 2.603, the rule pertaining to defaults, is not among the rules specifically incorporated into juvenile proceedings, and therefore, not applicable); *In re PAP*, 247 Mich App 148, 153-154; 640 NW2d 880 (2001) (holding that summary disposition pursuant to MCR 2.116 does not apply to proceedings involving the termination of parental rights). Subchapter 3.900 of the Michigan Court Rules does not mention subchapter 2.500. Therefore, the trial court could not have allowed petitioner to voluntarily dismiss her petition under MCR 2.504 because that provision does not apply to juvenile proceedings under the court rules. The court did not abuse its discretion by concluding otherwise.[2]

## III. PLACEMENT IN A SECURE FACILITY

Respondent and petitioner also contend that the trial court erred in placing respondent in a secure private institution because there was a less restrictive means available that would appropriately address respondent's trauma and substance abuse issues. We disagree.

The trial court had the discretion to enter an order of disposition for respondent that is "appropriate for the welfare of the juvenile and society in view of the facts proven and ascertained[,]" which includes placement in a secure, private facility. MCL 712A.18(1)(d). However, if the court has jurisdiction over the juvenile pursuant to MCL 712A.2(a)(2) to (4), that juvenile "shall not be detained in any secure facility designed to physically restrict the movements and activities of alleged or adjudicated juvenile offenders unless the court finds that the child willfully violated a court order and the court finds, after a hearing and on the record, that there is not a less restrictive alternative more appropriate to the needs of the child." MCL 712A.15(3). Further, the court is required to consider imposing increasingly severe sanctions only in subsequent dispositions:

> In making second and subsequent dispositions in delinquency cases, the court must consider imposing increasingly severe sanctions, which may include imposing additional conditions of probation; extending the term of probation; imposing additional costs; ordering a juvenile who has been residing at home into an out-of-home placement; ordering a more restrictive placement; ordering state wardship for a child who has not previously been a state ward; or any other conditions deemed appropriate by the court. [MCR 3.943(E)(2).]

---

[2] Further supporting our conclusion, MCL 712A.11, the provision in the Probate Code, MCL 712A.1 *et seq.*, governing the filing of petitions, does not expressly allow for the withdrawal of a petition once the court has acquired jurisdiction. Additionally, MCL 712A.2a(1) provides that "if the court has exercised jurisdiction over a juvenile under [MCL 712A.2(a) or (b)] jurisdiction shall continue for a period of 2 years beyond the maximum age of jurisdiction conferred under section 2 of this chapter, *unless the juvenile is released sooner by court order.*" (Emphasis added.)

The record indicates that the court complied with the requirements of MCL 712A.15(3). As noted above, the trial court had the discretion under MCL 712A.18(1)(d) to place respondent in a private, secure institution. While that discretion was limited by MCL 712A.15(3), the record demonstrates that the court properly found that respondent had willfully violated a court order and that there was not a less restrictive alternative which was more appropriate. Respondent admitted to willfully leaving Holy Cross without permission to smoke marijuana, thereby violating her court-ordered probation. At the subsequent dispositional hearing, the court considered whether to place respondent at home or in a secure facility, Wolverine Human Services. However, the court determined that the less restrictive alternative, a nonsecure placement at home, would not be appropriate because respondent had refused to remain in an unsecure placement and to refrain from using drugs. The court determined that it was more appropriate for respondent to participate in a program that would address respondent's "extensive substance abuse and trauma." Notably, according to Kirchner, respondent's placement at Wolverine Human Services provided "intensive trauma-based therapy, substance abuse therapy, family therapy" and a school so respondent could keep up with her education. The court found that placement with Wolverine Human Services was the "least restrictive setting[]" that would be most appropriate for respondent's care. While respondent contends that the trial court erred because the court made no effort to rehabilitate respondent in the community, as mentioned earlier in this opinion, it is abundantly clear from the record that the trial court was concerned that substantial harm would befall respondent if she were returned to the community given her past behavior and the people that she was affiliating with to support her addiction. MCL 712A.18(1). Therefore, because the record demonstrates that respondent had willfully violated a court order and that a less restrictive alternate placement at home was not more appropriate, the court did not abuse its discretion in placing respondent in a secure facility. MCL 712A.15(3).

Finally, the record also demonstrates that the court complied with MCR 3.943(E)(2). The court initially placed respondent in a nonsecure facility at Holy Cross. Even though Kirchner recommended placement at Wolverine Human Services at the first dispositional hearing, the court did not follow that recommendation and decided to place respondent in the less restrictive alternative. The court only considered a more restrictive placement at Wolverine Human Services at a subsequent dispositional hearing after respondent violated the terms of her probation and placed herself in a situation of extreme danger. Therefore, the court satisfied the requirements of MCR 3.943(E)(2) because the court only imposed increasingly severe sanctions after the first disposition.

Affirmed.

/s/ Jane E. Markey
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola

-5-